| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

FELIX FERNANDEZ,

                          Petitioner,

                                                  **MEMORANDUM AND ORDER**

      -against-                                        06-CV-2727(ERK)

DALE ARTUS, Superintendent,
Clinton Correctional Facility,

                          Respondent,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Korman, Ch. J.

      The petition for a writ of habeas corpus is denied for the reasons set out at pp. 31-32 of the affidavit and Memorandum of Law filed by the District Attorney. I add these additional words. In Smith v. Murray, 477 U.S. 527 (1986), the Supreme court held:

> This process of "winnowing out weaker arguments on appeal and focusing on" those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy. Jones v. Barnes, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 3312-3313, 77 L.Ed.2d 987 (1983). It will often be the case that even the most informed counsel will fail to anticipate a state appellate court's willingness to reconsider a prior holding or will underestimate the likelihood that a federal habeas court will repudiate an established state rule. But, as Strickland v. Washington made clear, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S., at 689, 104 S.Ct, at 2065. Viewed in light of Virginia law at the time Mr. Pugh submitted his opening brief to the Supreme Court of Virginia, the decision not to pursue his objection to the admission of Dr. Pile's testimony fell well within the "wide range of professionally competent assistance" required under the Sixth Amendment to the Federal Constitution. Id., at 690, 104 S.Ct., at 2066.

Id. at 536.

These words are equally applicable here. Indeed, even if the failure of petitioner's counsel to raise the issue of the sufficiency of the evidence regarding his conviction for depraved indifference murder is excused and habeas corpus review is not precluded by the failure to exhaust/procedural forfeiture rules, petitioner could not prevail here on this issue. See People v. Policano,     N.Y.3d     , 2006 WL 3313126 (2006) holding that the cases which changed New York law and on which petitioner relies are not to be applied retroactively. This is an entirely reasonable holding and would provide an independent basis for the dismissal of the petition. Guzman v. Greene, 423 F.Supp. 2d. 298, 316 (E.D.N.Y. 2006).

The petition is denied. I also deny a certificate of appealability.

**SO ORDERED:**

Brooklyn, New York
December 28, 2006

*Edward R. Korman*
Edward R. Korman
United States Chief District Judge